United States District Court
Southern District of Texas
FILED
OCT 12 2020
David J. Bradley, Clerk

United States District Court
Southern District of Texas
**ENTERED**
October 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| In Re: OFFICE OF THE ATTORNEY, GENERAL CHILD SUPPORT PROCESSING, § § § § § § § § § § | MISC. ACTION NO. 7:11-MC-38 |
| JESUS MARIA LOZANO, Movant. | |

## REPORT AND RECOMMENDATION

Movant Jesus Maria Lozano, proceeding pro se, initiated this miscellaneous action seeking to file a "Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement." (Docket No. 1.) It appeared that Movant wished to file the bankruptcy form (in part) to show that the Texas Attorney General's office is withholding $30.00 from his Department of Aging and Disability Services check in order to satisfy his child support delinquency. (*See id.* at 5.) However, Movant's filing appears deficient in numerous ways, including Movant's failure to pay the $46 filing fee required to proceed with this action. He also failed to comply with a court order directing him to correct the deficiencies by either withdrawing his bankruptcy pleading or by filing an amended pleading clarifying the relief he is seeking. (Docket No. 2.) Movant failed to respond to the order and has taken no further action in this case.

As discussed below, the undersigned recommends that this action be dismissed for want of prosecution.

## I. BACKGROUND

In October 2011, Movant initiated this action by filing a bankruptcy pleading pursuant to "Bankruptcy Rule 2016(b)," which was opened as a miscellaneous action because Movant failed

to pay the required $46 filing fee.[1] (Docket No. 1.) Although mailed to the McAllen Division of the Southern District of Texas, Movant captioned the filing as follows: "United States Bankruptcy Court for the Sothern District of Texas, Houston Division." (*Id.* at 1.) Movant's pro se filing contains hand-written portions in Spanish. (*Id.* at 3-4.) In addition, Movant included a document from the State of Texas which reflects that the Texas Attorney General's office is withholding $30.00 from his Department of Aging and Disability Services check in order to satisfy his child support delinquency of $88,339.30. (*See id.* at 5.)

Movant's initial pleading was wrought with problems. To begin with, it is unclear whether Movant intended to file his initial pleading in bankruptcy court in the Houston Division or the McAllen Division. Movant also neither paid the required $46 filing fee, nor did he request to proceed in forma pauperis. In addition, portions of Movant's pleading were in Spanish.

The undersigned entered an order alerting Movant that it was unclear what court he was attempting to proceed in and directing him to re-file his pleading in the Houston Division if he wished to proceed there. (Docket No. 2, at 1.) Movant was also instructed that should he wish to seek some non-bankruptcy relief in the McAllen Division, he should file an amended pleading

---

[1] One Court described the purpose of "Bankruptcy Rule 2016(b)" as follows:

> 11 U.S.C. § 329(a)10 and Fed. R. Bankr. P. 2016(b)11 require a complete disclosure to creditors of the amounts paid to a debtor's attorney within one year of the filing of a bankruptcy case in contemplation of ... OR .... in connection with ... the bankruptcy case. (emphasis added). If a compensation payment is subject to disclosure under either test, § 329(b) of the Bankruptcy Code and Fed. R. Bankr. P. 2017 authorize the Court to act upon that disclosure by determining whether such payments were excessive and by ordering the return of all or any part of such payments. These disclosure and enforcement provisions are "designed to prevent bankruptcy attorneys from extracting more than their fair share from prospective debtors willing to do whatever is necessary to obtain their counsel of choice and avoid unfavorable bankruptcy proceedings." *In re Investment Bankers, Inc.*, 4 F.3d 1556, 1565 (10th Cir. 1993), *cert. denied*, 510 U.S. 1114 (1994).

*In re Mayeaux*, 269 B.R. 614, 620-21 (Bankr. E.D. Tex. 2001).

clarifying what relief he is seeking and stating the basis for his claim to such relief.[2] (*Id.* (emphasis in original).) Movant failed to respond to the order, and he has taken no further action in this case.

## II. ANALYSIS

Movant's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Here, Movant has failed to correct the deficiencies in his original pleading. It remains unclear whether Movant intended to proceed in Houston or McAllen. Also, Movant has neither paid the filing fee, nor has he requested to proceed in forma pauperis. To make matters worse, he failed to comply with the court order explaining the deficiencies in his pleading and directing him to correct them. For all these reasons, this action should be dismissed for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (affirming dismissal with prejudice based on the party's failure to respond to a show cause order); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (affirming dismissal based on "a clear record of delay"); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to

---

[2] Movant was also instructed "to file all future pleadings in English." (Docket No. 2, at 2 (citing 48 U.S.C. § 864).)

3

pay a filing fee). It appears that no lesser sanction is available since Movant has taken no further action in this case.[3]

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED without prejudice based on Movant's failure to prosecute.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Movant, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 12, 2020.

_____
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE

---

[3] A copy of this Report will be sent to Movant at the address he provided. Should Movant respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.